**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 2 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MULU MUCHE BELAY,

                    Petitioner,

        v.

MERRICK B. GARLAND, Attorney
General,

                    Respondent.

No.    20-71625

Agency No. A208-922-920

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 19, 2023
Phoenix, Arizona

Before:  TALLMAN, OWENS, and BADE, Circuit Judges.

Mulu Muche Belay, a native and citizen of Ethiopia, petitions for review of

the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the

immigration judge's ("IJ") decision denying asylum and withholding of removal as

to South Africa, asylum as to Ethiopia, and Convention Against Torture ("CAT")

protection as to both countries.  The BIA dismissed Belay's appeal regarding

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

asylum and withholding as to South Africa because Belay did not show that the South African government was unable or unwilling to control her persecutors. It dismissed her appeal regarding asylum as to Ethiopia on the ground that she had been firmly resettled in South Africa. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition in part and remand in part.

1.      Substantial evidence supports the BIA's finding that Belay did not show that the South African government was unable or unwilling to control her persecutors. To qualify for asylum or withholding of removal, a petitioner must demonstrate past persecution or a fear of future persecution committed by the government or "forces that the government was [or is] unable or unwilling to control." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation omitted).

When Belay reported that she was assaulted by unknown individuals, the police recorded the information and indicated that they would investigate. Where the police express a willingness to investigate and where the identity of the suspects is unknown, the failure of the police to apprehend the perpetrators does not imply that the government is unable or unwilling to protect a petitioner. *See*

2

*Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (per curiam). And while the documentary evidence is mixed, the record includes reports supporting the BIA's conclusions that the South African authorities are successful in prosecuting sexual assault and have taken steps to curb xenophobic attacks. Accordingly, substantial evidence supports the BIA's determination that South Africa was not unwilling or unable to protect Belay and that Belay is therefore ineligible for asylum and withholding of removal as to South Africa.

2.     In its determination that firm resettlement barred Belay's application for asylum as to Ethiopia, the BIA did not have the benefit of *Aden v. Wilkinson*, 989 F.3d 1073 (9th Cir. 2021), and also relied in part on a decision that has since been vacated—*Matter of K-S-E-*, 27 I. & N. Dec. 818 (BIA 2020), *vacated*, *Sylvestre v. Garland*, No. 20-71316, 2021 WL 2453043, at *1 (9th Cir. June 9, 2021) (order). We therefore remand, consistent with the government's request, for the agency to reconsider the application of the firm resettlement bar and its exceptions. On remand, the agency should reassess whether the government met its burden to show that an offer of permanent resettlement existed pursuant to *Maharaj v. Gonzales*, 450 F.3d 961, 976-78 (9th Cir. 2006) (en banc), and, if necessary, whether Belay has shown that either of the firm resettlement exceptions apply, *see Aden*, 989 F.3d at 1079-82.

3

3.      Because Belay did not make any specific arguments to the BIA challenging the IJ's denial of her CAT claims, the issue is unexhausted and we lack jurisdiction to review it.  *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69, 1069 n.8 (9th Cir. 2019).

The motion for a stay of removal is granted.  Belay's removal is stayed pending a decision by the agency.

The parties shall bear their own costs on appeal.

**PETITION DENIED IN PART AND REMANDED IN PART**.